UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

REYNALDO MOLINARES
Plaintiff.

vs.  CASE #03-21902 CIV-MARTINEZ

DAVID B. MARTINS
AVENTURA BAY TOWNHOMES CONDOMINIUM ASSOCIATION, INC.
AVENTURA BAY TOWNHOMES CORPORATION
ALICE C. URBANEK
EMPRESS PROPERTY MANAGEMENT, INC.
BERNARD S. MEYER
DEVELOPMENT CONSULTANTS, INC,
Defendants.
_____/

## AMENDED COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant's are corporations that are located in Dade County and regularly transacts business within Dade County. Upon information and belief, the Defendants were the employer for the Plaintiff for the relevant time period as that term is defined by the FLSA 29 U.S.C. 201-216. The individual Defendants, David Martin, is a corporate officer who runs the day to day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period. The individual Defendant, Alice Urbanek, is a corporate officer who runs the day-to-day operations of the Corporate Defendants for the relevant time period and controlled Plaintiff's work for the relevant time period and was also



responsible for paying the Plaintiff's wages for the relevant time period. The individual Defendant, Bernard S. Meyer, is a corporate officer who runs the day-to-day operations of the Corporate Defendants for the relevant time period and controlled Plaintiff's work for the relevant time period and was also responsible for paying the Plaintiff's wages for the relevant time period.

4. All acts or omissions giving rise to this dispute took place in Dade County.

### FEDERAL STATUTORY VIOLATION (OVERTIME WAGE VIOLATION)

5. This action arises under the law of the United States.

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. SS 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

7. 29 U.S.C S 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. S 206 (a) (1)]"

8. 29 U.S.C. S 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate.."

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff was a security guard or "watchman" while he worked for the Defendants. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce

for the relevant time period. Plaintiff began work for the Defendant on or about 09/13/99 until he was fired on 12/27/02. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials that he used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same and/or the Defendants collectively grossed more than $500,000 per year for the relevant time period and/or the Defendants collectively meet the FLSA's definition of an "enterprise" under the "ACT". The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. The Defendants are in the land development business and townhome construction business and/or townhome management business for the relevant time period.

10. Plaintiff worked an average of 84 hours per week for Defendants from on or about 09/13/99 until 12/27/02 when he was fired. The Defendants did not keep any written records of the weekly time that the Plaintiff spent working for them.

11. Plaintiff was paid $7.00 per hour for the hours that he worked for the Defendants but was never paid overtime wages nor straight time wages as required by the Fair Labor Standards Act for any of the hours that he worked for the Defendants.

12. Defendants willfully and intentionally refused to pay Plaintiff the overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages and minimum wages since the commencement of

Plaintiff's employment with Defendants until he was fired on 12/27/02.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from each Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime and minimum wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act--whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff requests a trial by jury.

**Respectfully submitted,**

J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
300 71st STREET #605
MIAMI BEACH, FLORIDA 33141
305-865-6766
F.B.N. 0010121

BY: _____
J.H. ZIDELL

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Complaint was sent by U.S. Mail on this \_\_ DAY OF _____, 2003 to:

Bruce Alan Weil, Esq.
Boies, Schiller & Flexner, LLP
Bank of America Tower
100 SE 2nd Street
Suite 2800
Miami, Florida 33131

                                        J.H. ZIDELL, P.A.
                                        ATTORNEYS FOR PLAINTIFF
                                        300-71ST STREET, SUITE 605
                                        MIAMI BEACH, FLORIDA 33141
                                        305-865-6766

                                        By:_____
                                             J.H. Zidell, Esquire
                                             F.B.N.: 001___